IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BAILEY, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>CLOVIS UNIFIED SCHOOL<br>DISTRICT, et al.,<br><br>        Defendants. | 08-CV-0146-AWI-GSA<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Document # 11) |

    On January 23, 2008, Plaintiffs Kevin Bailey and Vincent Bailey ("Plaintiffs") filed a Complaint in the Superior Court of California, County of Fresno, against Defendants Clovis Unified School District and California Interscholastic Federation ("Defendants"). Plaintiffs seek to enjoin Defendants from barring Plaintiff Kevin Bailey from participating on the Clovis East High School varsity basketball team. On January 28, 2008, Defendants removed the case to this Court. Plaintiffs filed the instant ex parte application for a temporary restraining order on January 30, 2008.

    Pursuant to Federal Rule of Civil Procedure Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's

attorney certifies the reasons that notice should not be required.

Generally, irreparable harm is presumed if a violation of the constitution is shown. Goldies' Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984). But where a federal injunction is sought against a governmental entity, the party requesting relief must show a threat of "great and immediate," not conjectural or hypothetical, irreparable harm. City of Los Angeles v. Lyons, 461 U.S. 95, 112 (1983); see also Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 557 (9th Cir. 1990). The purpose in issuing a temporary restraining order is to preserve the status quo for a short time pending a fuller hearing.

In this case, Plaintiffs have failed to make a sufficient showing of any constitutional violation or threat of irreparable harm that would justify a temporary restraining order. At this point, the specific facts shown in Plaintiffs' filings do not demonstrate that a short delay to allow Defendants an opportunity to respond would risk a "great and immediate" threat of irreparable harm to Plaintiffs. Plaintiffs' ex parte application for a temporary restraining order will therefore be denied. However, the Court will set a briefing schedule with respect to the requested preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex parte application for a temporary restraining order is DENIED;
2. Defendants are directed to file an opposition to Plaintiffs' motion for preliminary injunction no later than 4:00 p.m. on Wednesday, February 6, 2008;
3. Plaintiffs may file a reply brief no later than 12:00 p.m. on Friday, February 8, 2008; and
4. The hearing on this matter will be held in this Court on Monday, February 11, 2008 at 3:00 p.m.

IT IS SO ORDERED.

**Dated:   January 30, 2008**          /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE